*In re* RAFAEL J. VÁZQUEZ GONZÁLEZ.

*Número:* TS-9498 *Resuelto:* 16 de febrero de 2016

*Manuel Ávila de Jesús*, director de la Oficina de Inspección de Notarías; *Rafael J. Vázquez González, pro se.*

PER CURIAM: En esta ocasión, nos corresponde ordenar la suspensión inmediata e indefinida de un miembro de la profesión legal como resultado de su reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN), las órdenes de este Tribunal, la Ley Notarial de Puerto Rico (Ley Notarial), 4 LPRA sec. 2001 *et seq.*, y el Reglamento Notarial de Puerto Rico (Reglamento Notarial), 4 LPRA Ap. XXIV.

# I

El Lcdo. Rafael J. Vázquez González fue admitido al ejercicio de la abogacía el 3 de enero de 1990 y al ejercicio de la notaría el 22 de enero de 1991. El 26 de mayo de 2011, el licenciado Vázquez González realizó un pago correspondiente a su Fianza Notarial al Colegio de Abogados de Puerto Rico (CAPR). Posteriormente, el CAPR le cursó una misiva en la que le informó que su Fianza Notarial se encontraba al descubierto desde el 2002. El CAPR hizo constar que, en vista de la situación, le había solicitado a la ODIN el 31 de marzo de 2009 que realizara una inspección de la obra notarial del licenciado Vázquez González correspondiente a los años 2002 a 2009. Esto, ya que la Junta Administrativa del Fondo de Fianza Notarial del CAPR requería que se certificara como aprobada su obra notarial para afianzarlo retroactivamente.

El 25 de junio de 2012, la Lcda. Norma Acosta de Santiago, Inspectora de Protocolos, rindió un informe a la ODIN detallando las gestiones realizadas con relación a la inspección de la obra notarial del licenciado Vázquez González. En éste indicó que no se logró aprobar la obra protocolar correspondiente a 1999, 2000, 2002, 2004 y 2005, debido a que el notario no había subsanado las deficiencias notificadas en el Informe de InspecciónSeñalamiento Preliminar de Faltas de 27 de marzo de 2012. Además, hizo constar que el licenciado Vázquez González "ha estado evadiendo y posponiendo los requerimientos de [la] ODIN desde el 16 de junio de 2011, fecha en que se le citó inicialmente para inspección".[1]

Posteriormente, el 20 de agosto de 2013, la Inspectora de Protocolos presentó un segundo informe a la ODIN. En éste

---

[1] Posteriormente, el licenciado Vázquez González respondió al informe y, el 25 de marzo de 2013, se realizó una reinspección de su obra notarial.

[2] La Oficina de Inspección de Notarías (ODIN) identificó como deficiencias la ausencia de pagarés cancelados correspondientes a las escrituras número 3 y número 4 del Protocolo de 2004.

informó que, luego de reinspeccionar la obra notarial del licenciado Vázquez González, se aprobaron los Protocolos correspondientes a 1999, 2000, 2002 y 2005. No obstante, hizo constar que no fue posible aprobar el Protocolo de 2004.[2]

Por otro lado, la Inspectora de Protocolos informó que el licenciado Vázquez González le entregó el Libro de Registro de Testimonios, que comprendía los testimonios autorizados por éste hasta el 24 de septiembre de 2001. Señaló que el Registro no fue aprobado, ya que el notario obvió cancelar múltiples sellos en los asientos del Libro de Registro de Testimonios. Cabe señalar que el licenciado Vázquez González no entregó el Libro de Registro de Testimonios para el periodo que comprende desde el 25 de septiembre de 2001 hasta el 2013.

Dado que el licenciado Vázquez González no reaccionó a este segundo informe dentro del término de quince días dispuesto en la Regla 77(k) del Reglamento Notarial, y ya que no subsanó las faltas señaladas, el Director de la ODIN presentó ante este Tribunal una Moción Informativa Solicitando Remedios.

En esta moción se realizó un recuento de las múltiples gestiones que efectuó la ODIN durante el proceso de inspección y se hizo constar que, el 28 de agosto de 2013, el Registro General de Competencias Notariales —adscrito a la ODIN— certificó que el licenciado Vázquez González adeudaba un sinnúmero de índices de actividad mensual notarial, así como múltiples informes estadísticos de actividad notarial anual.[3] Asimismo, se hizo constar que, el 5 de marzo de 2014, el Director de la ODIN le notificó al licenciado Vázquez González —por segunda vez— el referido informe, otorgándole un término final e improrrogable de cinco días para que comparezca la ODIN. El licenciado Vázquez González hizo caso omiso a esta notificación.

---

[3] Surge de la Moción Informativa Solicitando Remedios que el licenciado Vázquez González adeudaba treinta y cinco índices de actividad mensual notarial para los años de 1997 a 2013. Asimismo, adeudaba seis informes estadísticos de actividad notarial anual correspondientes a los años 2002, 2003, 2009, 2010, 2011 y 2012.

Evaluada la información provista por la ODIN, este Tribunal emitió una Resolución el 3 de junio de 2014, en la que se ordenó la incautación de la obra notarial del licenciado Vázquez González. Se le concedió asimismo un término de cinco días para que mostrara causa por la cual no debía ser suspendido de la práctica de la abogacía por su reiterado incumplimiento con los requerimientos de la ODIN.

El licenciado Vázquez González compareció ante este Foro mediante un escrito intitulado Cumplimiento de Orden. En síntesis, reconoció como certeros los señalamientos que le cursó la ODIN e intimó que no los atendió debido a que no tenía conocimiento sobre cómo subsanar las deficiencias señaladas. Además, adujo que se encontraba atravesando situaciones personales que lo "abruma[ron] de gran manera" y, por consiguiente, le habían impedido cumplir con los señalamientos de la ODIN.

Posteriormente, este Tribunal emitió una Resolución el 30 de enero de 2015, donde se le concedió un término de veinte días al licenciado Vázquez González y a la ODIN, simultáneamente, para informar las gestiones realizadas, en aras de subsanar las faltas señaladas. El licenciado Vázquez González no compareció.

El 17 de noviembre de 2015, la ODIN presentó una Moción en Solicitud de Remedios. En ésta, el Director de la ODIN informó que, al realizar el proceso de incautación de la obra notarial del licenciado Vázquez González, éste no entregó el Libro de Registro de Testimonios correspondiente a los testimonios autorizados desde el 2 de septiembre de 2001 hasta el 2011. Asimismo, indicó que la ODIN desconocía la cantidad de testimonios que éste autorizó durante los años 2012, 2013 y 2014 debido al incumplimiento del licenciado Vázquez González con presentar los índices e informes de actividad notarial correspondientes a ese periodo. Finalmente, señaló que el licenciado Vázquez González no había respondido a los diversos requerimientos que le cursó la ODIN y que, a la fecha, no había acreditado el pago de su Fianza Notarial desde el año 2002.

Por último, el 12 de enero de 2016 este Tribunal le cursó una Resolución al licenciado Vázquez González otorgándole un término improrrogable de cinco días para que mostrara causa por la cual no debía ser suspendido indefinidamente de la práctica de la abogacía y la notaría por incumplir con la ley y el reglamento notarial, los requerimientos de la ODIN y nuestras órdenes.

El licenciado Vázquez González compareció mediante una Moción en Cumplimiento de Resolución. En ésta reconoce que los señalamientos que le realizaron eran correctos y admitió que desaprovechó las oportunidades para subsanar las deficiencias señaladas por la ODIN respecto a su obra notarial. Finalmente, adujo situaciones personales y padecimientos de salud como las razones para su reiterado incumplimiento. A pesar de ello, admite que sus argumentos no son suficientes para excusar su conducta. Coincidimos.

## II

Es imperativo que la función notarial se ejerza con dedicación, celo profesional y en estricto cumplimiento con la Ley Notarial, el Reglamento Notarial y los postulados consagrados en el Código de Ética Profesional, 4 LPRA Ap. IX. Véase *In re Toro Imbernón*, 194 DPR 499, 504 (2016); *In re Salas González*, 193 DPR 387 (2015). Ciertamente, el incumplimiento con lo dispuesto en estos cuerpos normativos constituye una conducta reprochable que expone al profesional del Derecho a acciones disciplinarias. *In re López Cordero*, 164 DPR 710, 715–716 (2005). En particular, respecto a los notarios, hemos expresado que aquel "abogado que entienda que no puede cumplir cabalmente con las obligaciones del cumplimiento estricto que le impone la Ley Notarial de Puerto Rico y su reglamento debe, en un ejercicio de honestidad profesional, abstenerse de practicar el notariado". *In re Carrasquillo Martínez*, 173 DPR 798, 801 (2008). Véase, además, *In re Miranda Casasnovas*, 175 DPR 774, 779 (2009).

■ Por otro lado, debemos recalcar que los profesionales del Derecho tienen el deber de contribuir para salvaguardar la integridad y eficacia de nuestro ordenamiento jurídico. En consideración a ello, el Canon 9 del Código de Ética Profesional dispone que todo abogado "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. Se desprende de este principio el deber inexorable de todo abogado de responder de forma diligente a los requerimientos de este Tribunal, particularmente cuando las órdenes o los apercibimientos sobrevienen en procedimientos disciplinarios. Véase *In re Marrero García*, 187 DPR 578 (2012). Asimismo, hemos dispuesto que esta obligación se tiene que observar para con los señalamientos de la ODIN. *In re Santiago García*, 175 DPR 990, 993 (2009).

■ Este deber permea, a su vez, el ejercicio de la notaría. En lo pertinente a esta controversia, todo notario tiene el deber de subsanar aquellas deficiencias que la ODIN le notifique respecto a su obra notarial. Los notarios no pueden asumir una actitud pasiva y esperar a que la ODIN los contacte para corroborar que se hayan corregido las deficiencias señaladas. Consecuentemente, nuestros pronunciamientos disponen que los notarios tienen el deber de subsanar las faltas en su obra notarial y coordinar las reuniones necesarias con la ODIN para realizar toda reinspección correspondiente, de manera que finalice el proceso de subsanación. Véanse: *In re García Aguirre*, 190 DPR 539, 545 (2014); *In re Padilla Santiago*, 190 DPR 535, 538 (2014); *In re Ponce Ponce*, 190 DPR 504 (2014); *In re Martínez Class*, 184 DPR 1050 (2012).

■ Este Tribunal ha sancionado con rigor la actitud que se caracteriza por la indiferencia y la desidia respecto a nuestras órdenes y señalamientos. Por ello, hemos determinado que tal conducta constituye una violación al Canon 9 del Código de Ética Profesional y repercute en acciones

disciplinarias contra los profesionales del Derecho. Igualmente, nuestra jurisprudencia establece que la "desatención a los requerimientos de la ODIN y del Procurador General tiene el mismo efecto que cuando se desatiende una orden emitida por este Tribunal. Por ello, ignorar los requerimientos del Procurador General y la ODIN constituye de por sí una falta ética que conlleva la imposición de sanciones disciplinarias severas". *In re Chardón Dubós*, 191 DPR 201, 207 (2014). Véase, además, *In re Martínez Romero*, 188 DPR 511, 515 (2013).

 Por otra parte, conforme al Artículo 12 de la Ley Notarial, 4 LPRA sec. 2023, y a la Regla 12 del Reglamento Notarial, 4 LPRA Ap. XXIV, todo notario tiene el deber de rendir "un índice sobre sus actividades notariales, no más tarde del décimo día calendario del mes siguiente al mes informado [...]". 4 LPRA sec. 2023. Hemos destacado que satisfacer esta obligación no requiere conocimientos especiales y todo profesional del Derecho debe cumplir estrictamente con esto. *In re Feliciano Lasalle*, 175 DPR 110, 114 (2008); *In re Cruz Ramos*, 127 DPR 1005, 1008 (1991). Asimismo, surge del Artículo 13-A de la Ley Notarial, 4 LPRA sec. 2031a, que "[t]odo notario remitirá al Director de la [ODIN], no más tarde del último día de febrero del año siguiente, el informe estadístico anual que le sea requerido de los documentos notariales autorizados durante el año precedente". Véanse, además: Regla 13 del Reglamento Notarial, 4 LPRA Ap. XXIV; *In re Da Silva Arcoho*, 189 DPR 888, 893 (2013).

 Por esto, hemos dispuesto que no rendir los índices e informes notariales constituye una falta grave que podría acarrear sanciones disciplinarias severas. Esto, pues tal incumplimiento "puede prestarse a actuaciones de naturaleza grave y contribuir a la desviación de la fe pública que reviste a los notarios". *In re Miranda Casasnovas*, supra, pág. 778. Véase, además, *In re Feliciano Lasalle*, supra, pág. 114.

Por último, la ODIN tiene la labor de fiscalizar el ejercicio de la notaría conforme a las disposiciones de la Ley Notarial y el Reglamento Notarial. A esos fines, se realizan considerables esfuerzos para atender, junto con los profesionales del Derecho, aquellos defectos que se identifican en las obras notariales a través de los procedimientos de inspección. Pese a esto, continuamente se refieren a este Tribunal notarios que ponen en jaque el ejercicio de su ministerio al rehuir aquellos señalamientos de la ODIN que tienen como objetivo asistirlos en sus esfuerzos para subsanar las faltas presentes en sus protocolos notariales. En esta ocasión, enfrentamos una de esas instancias.

## III

Según reseñado, las actuaciones y omisiones del licenciado Vázquez González durante el proceso de inspección de su obra notarial dilataron el proceso desde sus inicios, allá para el 2011. A pesar de que, a la fecha, han transcurrido más de cuatro años, la obra notarial de este notario aún adolece de faltas que impiden su aprobación. Asimismo, éste demostró una actitud desafiante ante la ODIN y ante este Tribunal al no entregar su Libro de Registro de Testimonios, los índices mensuales e informes anuales en atraso, aun cuando se ordenó la incautación preventiva de su obra notarial en el 2014. Tal proceder ha imposibilitado, a su vez, esclarecer la deuda del licenciado Vázquez González respecto al pago de su Fianza Notarial.(4) La actitud

---

(4) La Fianza Notarial se impuso como un requisito para practicar la profesión notarial en Puerto Rico. Ésta responde por los daños y perjuicios que cause un notario en el ejercicio de sus funciones o con relación al incumplimiento de sus deberes ministeriales. *In re Ribas Dominicci I*, 131 DPR 491, 497 (1992). El Artículo 7 de la Ley Notarial, 4 LPRA sec. 2011, dispone que todo notario tiene que prestar una fianza no menor de $15,000. En situaciones donde un notario opera al margen de este requisito, hemos determinado necesaria nuestra intervención disciplinaria, ya que "un notario que no cuenta con dicha protección constituye un peligro, no sólo para el tráfico jurídico de los bienes inmuebles, sino para las personas que utilizan sus servicios". *In re Martínez Miranda*, 174 DPR 773, 777 (2008).

del licenciado Vázquez González manifiesta su patente indiferencia respecto sus deberes como abogado y notario.

Conforme a los hechos reseñados y los fundamentos de Derecho previamente esbozados, *se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado Vázquez González. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverles los honorarios por trabajos no realizados e informar oportunamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tengan casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta días contados a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

*Asimismo, se le ordena al licenciado Vázquez González a subsanar las deficiencias en su obra notarial, a sus expensas, y a entregar el Libro de Registro de Testimonios, los índices de actividad notarial mensual e informes de actividad notarial anual que adeuda en un término final e improrrogable de treinta días. De igual forma, deberá acreditar a este Tribunal el cumplimiento con lo anterior. Notifíquese personalmente esta Opinión "per curiam" y Sentencia.*

*Se dictará sentencia de conformidad.*