*In re* MANUEL DÍAZ COLLAZO.

*Número:* TS-6,484          *Resuelto:* 10 de febrero de 2017

*Manuel E. Ávila de Jesús,* director de la Oficina de Inspección de Notarías, en informe; *Manuel Díaz Collazo, pro se.*

PER CURIAM: Una vez más, nos vemos obligados a decretar la suspensión indefinida de un miembro de la profesión legal por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y de este Tribunal.

I

El Lcdo. Manuel Díaz Collazo fue admitido al ejercicio de la abogacía el 6 de noviembre de 1979 y prestó juramento como notario el 27 de noviembre del mismo año. El 1 de septiembre de 2015, el Director de la ODIN, Lcdo. Manuel E. Ávila de Jesús, presentó un Informe Especial sobre Incumplimiento de la Ley Notarial [de] Puerto Rico y su Reglamento y en Solicitud de Remedios. Indicó que envió dos comunicaciones al licenciado requiriéndole que entregase cincuenta y un Índices de Actividad Notarial Mensual adeudados y que éste incumplió con lo ordenado.[1] Además, señaló que de sus registros no surgía que el letrado tuviese su fianza notarial vigente para los años 2013,

---

[1] Según surge del expediente, la Oficina de Inspección de Notarías (ODIN) envió las comunicaciones el 19 de mayo de 2015 y el 14 de julio de 2015. En éstas se le notificó al licenciado que adeudaba los Índices de Actividad Notarial Mensual correspondientes a los meses de: (a) noviembre y diciembre de 2005; (b) enero, marzo, abril, mayo, julio y octubre de 2008; (c) abril, mayo y agosto a diciembre de 2009; (d) febrero, junio a octubre y diciembre de 2010; (e) enero, marzo y mayo a diciembre de 2011; (f) enero a diciembre de 2012, y (g) enero a julio de 2013.

2014 y 2015. Por consiguiente, nos solicitó que suspendiésemos al licenciado inmediata e indefinidamente del ejercicio de la notaría y que le ordenáramos entregar los índices adeudados y presentar evidencia de los pagos efectuados para mantener vigente su fianza durante los años 2013 al 2015.

El 20 de octubre de 2015 emitimos una Resolución ordenando la incautación preventiva de la obra protocolar y del sello notarial del licenciado, y concediéndole un término de diez días para que mostrara causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía y de la notaría. Esta Resolución se diligenció personalmente el 27 de octubre de 2015.

El 6 de noviembre de 2015, el licenciado Díaz Collazo presentó una Moción Solicitando Prórroga. Expresó que sufrió un deterioro de salud que ocasionó que fuese hospitalizado en varias ocasiones y señaló que sus doctores le recomendaron descanso absoluto. En consecuencia, solicitó un término adicional de treinta días para cumplir con lo ordenado.

El 30 de noviembre de 2015 emitimos una Resolución concediéndole al licenciado una prórroga de diez días para cumplir con nuestra orden. Sin embargo, el letrado incumplió con el término provisto, por lo que el 22 de abril de 2016 emitimos una Resolución en la que le concedimos un término *final e improrrogable* de treinta días para cumplir con lo ordenado. Esta Resolución se notificó personalmente el 2 de mayo de 2016.[2]

El 8 de junio de 2016, el Director de la ODIN presentó una Moción Reiterando Incumplimiento de Orden y Otros Remedios y una Moción en Solicitud de Orden. Expresó que el licenciado incumplió con nuestra orden de mostrar causa y que identificó una serie de deficiencias en su obra

---

[2] El Alguacil del Tribunal entregó los documentos al Lcdo. Manuel A. Díaz Rivera, hijo del licenciado Díaz Collazo, ya que el letrado se encontraba indispuesto por motivos de salud.

notarial, entre ellas, una deuda arancelaria de $857.50. Explicó que, a pesar de sus esfuerzos, no logró que el licenciado atendiese sus señalamientos, por lo que nos solicitó que suspendiésemos al licenciado inmediata e indefinidamente del ejercicio de la notaría y que le ordenásemos subsanar las deficiencias identificadas.

El 10 de junio de 2016, el Lcdo. Manuel A. Díaz Rivera presentó una Solicitud de Autorización para Comparecencia Especial; Moción Informativa y Solicitud de Paralización de Procedimientos. En síntesis, expresó que el licenciado Díaz Collazo le otorgó un poder general para que lo representase en todos los asuntos que tuviese pendientes, por lo que nos solicitó que lo autorizásemos a comparecer como su apoderado y que paralizásemos los procedimientos por un término de noventa días para que pudiera familiarizarse con el expediente. El 30 de junio de 2016 denegamos la solicitud de paralización y le concedimos un término de treinta días para que nos acreditase el poder que le fue conferido.

El 11 de agosto de 2016, el Director de la ODIN presentó una Moción Notificando Incumplimiento de Orden. En su escrito nos informó que el licenciado Díaz Rivera incumplió con nuestra orden y nos solicitó que le concediésemos un término final e improrrogable de treinta días al licenciado Díaz Collazo para que subsanase las deficiencias en su obra notarial.

Por otro lado, el 8 de septiembre de 2016, la Procuradora General presentó una querella contra el licenciado Díaz Collazo. En síntesis, le imputó haber infringido los Cánones 18 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX, durante la tramitación de un caso ante el Tribunal de Primera Instancia. El licenciado no contestó la querella.[3]

Así las cosas, el 21 de octubre de 2016, el licenciado Díaz Rivera presentó el Poder General que se le confirió y se

---

[3] Según surge del expediente, el licenciado Díaz Collazo tampoco ha contestado las quejas AB-2016-210 y AB-2016-311.

disculpó por su incumplimiento con nuestra orden.([4]) A su vez, solicitó nuevamente la paralización de los procedimientos por un término de noventa días para poder familiarizarse con el expediente.

El 16 de noviembre de 2016 emitimos una Resolución suspendiendo al licenciado Díaz Collazo inmediata e indefinidamente del ejercicio de la notaría por su reiterado incumplimiento con nuestras órdenes. Le conferimos, además, un término final e improrrogable de treinta días para que: (1) mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía; (2) presentara su contestación a la querella instada por la Procuradora General, y (3) subsanara las deficiencias identificadas en su obra notarial. Finalmente, le apercibimos que su incumplimiento con nuestra orden conllevaría su separación inmediata e indefinida del ejercicio de la abogacía.

Al presente, el licenciado Díaz Collazo no ha cumplido con nuestra orden.

## II

■ El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, impone a los abogados el deber de observar una conducta que se caracterice por el mayor respeto hacia los tribunales. *In re Vera Vélez*, 192 DPR 216, 226 (2015); *In re Da Silva Arocho*, 189 DPR 888, 893 (2013). Como corolario de lo anterior, los miembros de la profesión legal tienen la ineludible obligación de responder oportunamente a nuestros requerimientos. *In re Irizarry Irizarry*, 190 DPR 368, 374 (2014); *In re García Ortiz*, 187 DPR 507, 524 (2012). Así, en numerosas ocasiones hemos expresado que la desatención a nuestras órdenes constituye una falta ética que amerita la suspensión del ejercicio de la

---

([4]) En síntesis, explicó que incumplió con nuestra Resolución porque la colocó en un expediente equivocado.

abogacía. *In re Pestaña Segovia*, 192 DPR 485, 493 (2015); *In re Massanet Rodríguez*, 188 DPR 116, 124 (2013).

De igual forma, hemos expresado que los notarios tienen el deber de subsanar con premura las deficiencias que la ODIN identifique en su obra. *In re García Aguirre*, 190 DPR 539, 545 (2014); *In re Da Silva Arocho*, supra, pág. 892. "Los notarios no pueden asumir una actitud pasiva y esperar a que la ODIN los contacte para corroborar que se hayan corregido las deficiencias señaladas". *In re Vázquez González*, 194 DPR 688, 695 (2016). En consecuencia, la desatención a los requerimientos de la ODIN también constituye una infracción al Canon 9, *supra*.

## III

En vista de los hechos previamente expuestos, y a la luz del derecho aplicable, *se suspende inmediata e indefinidamente al licenciado Díaz Collazo del ejercicio de la abogacía. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por servicios no realizados. Asimismo, deberá informar inmediatamente de su suspensión a cualquier foro judicial o administrativo ante el cual tenga algún asunto pendiente. El señor Díaz Collazo deberá acreditar su cumplimiento con lo anterior dentro de un término de treinta días contados a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

Por último, *se ordena al señor Díaz Collazo a que subsane las deficiencias en su obra notarial en un término de treinta días, so pena de desacato. Notifíquese personalmente.*

*Se dictará sentencia de conformidad.*