EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2017 TSPR 22 |
| Manuel Díaz Collazo | 197 DPR ____ |
| | |

Número del Caso: TS-6,484

Fecha: 10 de febrero de 2017

Abogado del Querellado:

      Lcdo. Manuel A. Díaz Rivera

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila de Jesús
      Director

Materia: Conducta Profesional – La Suspensión será efectiva el 22 de febrero de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Manuel Díaz Collazo                    TS-6,484

*PER CURIAM*

En San Juan, Puerto Rico, a 10 de febrero de 2017.

Una vez más, nos vemos obligados a decretar la suspensión indefinida de un miembro de la profesión legal por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y de este Tribunal.

I.

El Lcdo. Manuel Díaz Collazo fue admitido al ejercicio de la abogacía el 6 de noviembre de 1979 y prestó juramento como notario el 27 de noviembre del mismo año. El 1 de septiembre de 2015, el Director de la ODIN, Lcdo. Manuel E. Ávila De Jesús, presentó un *Informe Especial sobre Incumplimiento de la Ley Notarial Notarial [de] Puerto Rico y su Reglamento y*

*en Solicitud de Remedios*. Indicó que envió dos comunicaciones al licenciado requiriéndole que entregase cincuenta y un (51) Índices de Actividad Notarial Mensual adeudados y que éste incumplió con lo ordenado.[1] Además, señaló que de sus registros no surgía que el letrado tuviese su fianza notarial vigente para los años 2013, 2014 y 2015. Por consiguiente, nos solicitó que suspendiésemos al licenciado inmediata e indefinidamente del ejercicio de la notaría y que le ordenásemos entregar los índices adeudados y presentar evidencia de los pagos efectuados para mantener vigente su fianza durante los años 2013 al 2015.

El 20 de octubre de 2015, emitimos una Resolución ordenando la incautación preventiva de la obra protocolar y del sello notarial del licenciado y concediéndole un término de diez (10) días para que mostrase causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía y de la notaría. Esta Resolución se diligenció personalmente el 27 de octubre de 2015.

El 6 de noviembre de 2015, el licenciado Díaz Collazo presentó una *Moción Solicitando Prórroga*. Expresó que sufrió un deterioro de salud que ocasionó que fuese hospitalizado en varias ocasiones y señaló que sus doctores le recomendaron descanso absoluto. En

---

[1] Según surge del expediente, la Oficina de Inspección de Notarías (ODIN) envió las comunicaciones el 19 de mayo de 2015 y el 14 de julio de 2015. En éstas, se le notificó al licenciado que adeudaba los Índices de Actividad Notarial Mensual correspondientes a los meses de: (a) noviembre y diciembre de 2005; (b) enero, marzo, abril, mayo, julio y octubre de 2008; (c) abril, mayo y agosto a diciembre de 2009; (d) febrero, junio a octubre y diciembre de 2010; (e) enero, marzo y mayo a diciembre de 2011; (f) enero a diciembre de 2012; y (g) enero a julio de 2013.

consecuencia, solicitó un término adicional de treinta (30) días para cumplir con lo ordenado.

El 30 de noviembre de 2015, emitimos una Resolución concediéndole al licenciado una prórroga de diez (10) días para cumplir con nuestra orden. Sin embargo, el letrado incumplió con el término provisto, por lo que, el 22 de abril de 2016, emitimos una Resolución concediéndole un término *final* e *improrrogable* de treinta (30) días para cumplir con lo ordenado. Esta Resolución se notificó personalmente el 2 de mayo de 2016.[2]

El 8 de junio de 2016, el Director de la ODIN presentó una *Moción Reiterando Incumplimiento de Orden y otros Remedios* y una *Moción en Solicitud de Orden*. En sus escritos, expresó que el licenciado incumplió con nuestra orden de mostrar causa y señaló que identificó una serie de deficiencias en su obra notarial, entre ellas una deuda arancelaria de $857.50. Explicó que, a pesar de sus esfuerzos, no logró que el licenciado atendiese sus señalamientos, por lo que nos solicitó que suspendiésemos al licenciado inmediata e indefinidamente del ejercicio de la notaría y que le ordenásemos subsanar las deficiencias identificadas.

El 10 de junio de 2016, el Lcdo. Manuel A. Díaz Rivera presentó una *Solicitud de Autorización para Comparecencia Especial; Moción Informativa y Solicitud de*

---

[2] El Alguacil del Tribunal entregó los documentos al Lcdo. Manuel A. Díaz Rivera, hijo del licenciado Díaz Collazo, toda vez que el letrado se encontraba indispuesto por motivos de salud.

*Paralización de Procedimientos*. En síntesis, expresó que el licenciado Díaz Collazo le otorgó un poder general para que lo representase en todos los asuntos que tuviese pendientes, por lo que nos solicitó que lo autorizásemos a comparecer como su apoderado y que paralizásemos los procedimientos por un término de noventa (90) días para permitirle familiarizarse con el expediente. El 30 de junio de 2016, denegamos la solicitud de paralización y le concedimos un término de treinta (30) días para que nos acreditase el poder que le fue conferido.

El 11 de agosto de 2016, el Director de la ODIN presentó una *Moción Notificando Incumplimiento de Orden*. En su escrito, nos informó que el licenciado Díaz Rivera incumplió con nuestra orden y nos solicitó que le concediésemos un término final e improrrogable de treinta (30) días al licenciado Díaz Collazo para que subsanase las deficiencias en su obra notarial.

Por otro lado, el 8 de septiembre de 2016, la Procuradora General presentó una querella en contra del licenciado Díaz Collazo. En síntesis, le imputó haber infringido los Cánones 18 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX, durante la tramitación de un caso ante el Tribunal de Primera Instancia. El licenciado no contestó la querella.[3]

Así las cosas, el 21 de octubre de 2016, el licenciado Díaz Rivera presentó el *Poder General* que le

---

[3] Según surge del expediente, el licenciado Díaz Collazo tampoco ha contestado las quejas AB-2016-210 y AB-2016-311.

fue conferido y se disculpó por su incumplimiento con nuestra orden.[4] A su vez, solicitó nuevamente la paralización de los procedimientos por un término de noventa (90) días para poder familiarizarse con el expediente.

El 16 de noviembre de 2016, emitimos una Resolución suspendiendo al licenciado Díaz Collazo inmediata e indefinidamente del ejercicio de la notaría por su reiterado incumplimiento con nuestras órdenes. Además, le conferimos un término final e improrrogable de treinta (30) días para que: (1) mostrase causa por la cual no debía ser suspendido del ejercicio de la abogacía; (2) presentase su contestación a la querella instada por la Procuradora General; y (3) subsanase las deficiencias identificadas en su obra notarial. Finalmente, le apercibimos que su incumplimiento con nuestra orden conllevaría su separación inmediata e indefinida del ejercicio de la abogacía.

Al presente, el licenciado Díaz Collazo no ha cumplido con nuestra orden.

## II.

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, le impone a los abogados el deber de observar una conducta que se caracterice por el mayor respeto hacia los tribunales. In re Vera Vélez, 192 DPR 216, 226 (2015); In re Da Silva Arocho, 189 DPR 888, 893 (2013). Como

---

[4] En síntesis, explicó que incumplió con nuestra Resolución porque la colocó en un expediente equivocado.

corolario de lo anterior, los miembros de la profesión legal tienen la ineludible obligación de responder oportunamente a nuestros requerimientos. In re Irizarry Irizarry, 190 DPR 368, 374 (2014); In re García Ortiz, 187 DPR 507, 524 (2013). Así, en numerosas ocasiones hemos expresado que la desatención a nuestras órdenes constituye una falta ética que amerita la suspensión del ejercicio de la abogacía. In re Pestaña Segovia, 192 DPR 485, 493 (2015); In re Massanet Rodríguez, 188 DPR 116, 124 (2013).

De igual forma, hemos expresado que los notarios tienen el deber de subsanar con premura las deficiencias que la ODIN identifique en su obra. In re García Aguirre, 190 DPR 539, 545 (2014); In re Da Silva Arocho, supra, pág. 892. "Los notarios no pueden asumir una actitud pasiva y esperar a que la ODIN los contacte para corroborar que se hayan corregido las deficiencias señaladas". In re Vázquez González, 194 DPR 688, 695 (2016). En consecuencia, la desatención a los requerimientos de la ODIN también constituye una infracción al Canon 9, supra.

## III.

En vista de los hechos previamente expuestos, y a la luz del derecho aplicable, se suspende inmediata e indefinidamente al licenciado Díaz Collazo del ejercicio de la abogacía. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y de devolverles cualesquiera honorarios

recibidos por servicios no realizados. Asimismo, deberá informar inmediatamente de su suspensión a cualquier foro judicial o administrativo ante el cual tenga algún asunto pendiente. El señor Díaz Collazo deberá acreditar su cumplimiento con lo anterior dentro de un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, se ordena al señor Díaz Collazo a que subsane las deficiencias en su obra notarial en un término de treinta (30) días, so pena de desacato.

Notifíquese personalmente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Manuel Díaz Collazo                    TS-6,484

SENTENCIA

En San Juan, Puerto Rico, a 10 de febrero de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Manuel Díaz Collazo del ejercicio de la abogacía.

Se le impone el deber de notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, se le ordena al señor Díaz Collazo a que subsane las deficiencias en su obra notarial en un término de treinta (30) días, so pena de desacato.

Notifíquese personalmente al señor Díaz Collazo esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                        Juan Ernesto Dávila Rivera
                                      Secretario del Tribunal Supremo