EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Eileen Guzmán | 2020 TSPR 159<br><br>205 DPR \_\_\_\_\_ |

Número del Caso: TS-19,838


Fecha: 22 de diciembre de 2020


Oficina de Inspección de Notarías:

> Lcdo. Manuel E. Avila De Jesús
> Director



Eileen Guzmán:

> Por derecho propio



Materia: La suspensión de la notaría será efectiva el 11 de enero de 2021, fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Eileen Guzmán                    TS-19,838

*PER CURIAM*

En San Juan, Puerto Rico, a 22 de diciembre de 2020.

Nuevamente nos vemos obligados a suspender a una abogada del ejercicio de la notaría por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y las órdenes de este Tribunal.

I.

La Lcda. Eileen Guzmán (licenciada Guzmán o letrada) fue admitida al ejercicio de la abogacía el 5 de febrero de 2014 y prestó juramento como notaria el 28 de mayo de 2014.

Allá para el mes de diciembre de 2018, durante un proceso de inspección rutinaria, la ODIN advino en conocimiento de que la licenciada Guzmán se había trasladado fuera de la jurisdicción de Puerto Rico.

Aunque la letrada había nombrado un notario sustituto en enero de 2018, su designación se encontraba vencida. Ante esa situación, se autorizó a la Lcda. Teresa Trujillo Ortiz, Inspectora de Protocolos y Notarías (la Inspectora), a recoger la obra notarial de la licenciada Guzmán, la cual aún estaba bajo la custodia de quien había fungido como notario sustituto.[1] Tras recuperar la obra notarial, la Inspectora la examinó y rindió un *Informe de Señalamientos Preliminares de Faltas*, el cual notificó a la licenciada Guzmán, así como la fecha para llevar a cabo el proceso de reinspección. La reunión a esos efectos se pautó para el 21 de marzo de 2019, pues la licenciada Guzmán confirmó que para esa fecha se encontraría en Puerto Rico.

Así las cosas, en febrero de 2019 la licenciada Guzmán inició un proceso de cesación voluntaria al ejercicio de la notaría. La ODIN le apercibió que, para formalizar el trámite de cesación, debía completar el proceso de subsanación de su obra notarial. A pesar del apercibimiento a esos efectos, cuando llegó la fecha programada para la reinspección, la licenciada Guzmán no compareció ni excusó su incomparecencia. Tras comunicarse con la letrada, esta se limitó a señalar que no se encontraba en Puerto Rico y que no estaría en la jurisdicción sino hasta el 24 de abril de 2019. En consideración a lo anterior, la Inspectora reprogramó la reunión para el 25 de abril de 2019. No

---

[1] El sello notarial no se entregó.

obstante, una vez más la licenciada Guzmán no compareció ni se excusó por no haber comparecido.

Entonces, por segunda ocasión, la Inspectora reprogramó la reinspección de la obra notarial, esta vez para el 10 de octubre de 2019. El día antes, 9 de octubre de 2019, la licenciada Guzmán solicitó cambiar la fecha de la reinspección, preferiblemente para el mes de diciembre, sin aducir razón para ello. La ODIN le concedió un término de tres (3) días para someter documentación que justificara su solicitud. La licenciada Guzmán no lo hizo. Ante el incumplimiento, la reinspección se reprogramó nuevamente para noviembre de 2019. Se apercibió a la letrada que esa fecha era final. Aun así, la licenciada Guzmán solicitó reprogramar nuevamente la reinspección de su obra notarial, tras argüir que los precios de los pasajes de avión para el mes de diciembre eran exorbitantes. Esto, a pesar de que la reinspección se había programado para el mes de noviembre, no diciembre. Así, la fecha pautada para la reinspección en noviembre transcurrió sin que la licenciada Guzmán compareciera a la reunión.

Ante este cuadro, el 20 de diciembre de 2019 la Inspectora rindió un *Informe de Deficiencias de la Obra Notarial de la Lcda. Eileen Guzmán, RUA 19838, a tenor con la Regla 77(k) del Reglamento Notarial* (*Informe de Deficiencias*). En este expuso que la obra notarial de la licenciada Guzmán permanecía en un estado similar al momento en que se incautó. Destacó que subsistía una deficiencia

arancelaria de ochocientos veintinueve dólares ($829) y otras faltas sustantivas. La ODIN envió el *Informe de Deficiencias* a la licenciada Guzmán y le concedió un término de quince (15) días para que reaccionara a este y expusiera las razones que justificaban su falta de cooperación en el proceso de subsanación de su obra notarial. La ODIN apercibió a la letrada sobre la importancia de atender sus requerimientos y que, de incumplir con estos, presentaría el informe de rigor ante este Tribunal para el trámite correspondiente. Sin embargo, la licenciada Guzmán no cumplió con el requerimiento. Así, por ocasión segunda, la ODIN concedió un término a la letrada para que reaccionara al *Informe de Deficiencias* y expusiera las razones que justificaban su dilación en finiquitar los asuntos que se encontraban pendientes ante la ODIN. Además, le reiteró que el incumplimiento con su requerimiento conllevaría la presentación del informe de rigor ante este Foro para el trámite disciplinario correspondiente. No obstante, la licenciada Guzmán incumplió nuevamente.

Por esa razón, la ODIN compareció ante este Tribunal el 31 de julio de 2020 mediante un *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios*. Mediante su escrito trajo a nuestra atención el patrón de incumplimiento de la licenciada Guzmán con sus requerimientos y la falta de cooperación de la letrada para finiquitar el proceso de subsanación de su obra protocolar. Solicitó, además, que le

concediéramos a la licenciada Guzmán un término final e improrrogable de sesenta (60) días para que atendiera el proceso de subsanación de las deficiencias de su obra protocolar, so pena de que decretáramos su suspensión inmediata e indefinida del ejercicio de la notaría.

A raíz de esa comparecencia y en conformidad con los remedios que ODIN solicitó, el 3 de agosto de 2020 emitimos una Resolución a través de la cual concedimos a la licenciada Guzmán un término **final e improrrogable** de sesenta (60) días para que subsanara las deficiencias que impedían la aprobación de su obra notarial. Además, apercibimos a la letrada que el incumplimiento con lo ordenado podría conllevar **la suspensión inmediata e indefinida del ejercicio de la notaría.**[2]

Así las cosas, el 15 de octubre de 2020 la ODIN presentó una *Moción reiterando incumplimiento de orden y en solicitud de remedios*, mediante la cual nos informó que la licenciada Guzmán incumplió con nuestra Resolución de 3 de agosto de 2020. Al respecto, señaló que la licenciada Guzmán no se había comunicado con la Inspectora ni con el personal de la ODIN, por lo cual las deficiencias de su obra notarial persistían. En consideración a lo anterior, solicitó que suspendiéramos inmediata e indefinidamente a la licenciada Guzmán del ejercicio de la notaría y le concediéramos un término de sesenta (60) días, a partir de la suspensión, para que subsanara su obra protocolar, so pena de ser

---

[2] Esta Resolución se notificó electrónicamente el 14 de agosto de 2020.

referida a un proceso de desacato ante el Tribunal de Primera Instancia de San Juan. Solicitó, además, que evaluáramos si procedía imponerle alguna otra medida disciplinaria ante su incumplimiento con nuestras órdenes.

II

El Código de Ética Profesional particulariza las normas mínimas de conducta que los letrados y las letradas deben exhibir en el desempeño de sus funciones. In re Candelario Lajara, 197 DPR 722, 725 (2017). En específico, el Canon 9 del Código de Ética Profesional establece que todo abogado "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. De ese principio se desprende el deber de los abogados y las abogadas de responder diligentemente a las órdenes y los requerimientos de este Tribunal. In re Vázquez González, 194 DPR 688, 695 (2016); In re Salas González, 193 DPR 387, 392-393 (2015); In re García Aguirre, 190 DPR 539, 544 (2014). Esa obligación se extiende, además, a los señalamientos y requerimientos de la ODIN. In re Cruz Liciaga, 198 DPR 828, 835 (2017); In re Vázquez González, supra, pág. 695; In re Salas González, supra, pág. 393. Eso se debe a que los requerimientos de la ODIN son análogos a las órdenes de este Foro. In re Pratts Barbarossa, 199 DPR 594, 599 (2018); In re Núñez Vázquez, 197 DPR 506, 513 (2017). Así pues, desatender los requerimientos de la ODIN tiene el mismo efecto que desatender una orden que emita este Tribunal. In

re Núñez Vázquez, supra, pág. 513. In re Vázquez González, supra, pág. 696.

Como parte del deber de atender los señalamientos de la ODIN, los notarios y las notarias tienen la obligación de subsanar las faltas en su obra notarial una vez se le señalan. In re López Castro, 197 DPR, 819, 827 (2017). Además, deben concertar una cita próxima con la ODIN para la reinspección de sus protocolos. Íd. No pueden asumir una actitud pasiva y esperar que la ODIN los contacte para corroborar si los señalamientos se corrigen adecuadamente. Íd. Por el contrario, una vez se han identificado faltas en su obra notarial, los notarios y las notarias tienen que coordinar con la ODIN las reuniones necesarias para finalizar el proceso de subsanación. Íd. Cabe destacar que la ODIN tiene la labor de fiscalizar que la notaría se ejerza en conformidad con las disposiciones de la Ley Notarial y el Reglamento Notarial. In re Vázquez González, supra, pág. 697. Para lograr cumplir esa labor, la ODIN realiza esfuerzos considerables para atender, junto con los notarios y las notarias, las faltas que se identifican en las obras notariales. Cuando los notarios y las notarias rehúyen los señalamientos de faltas y su corrección, ponen en jaque el ejercicio del deber fiscalizador de la ODIN. Íd. Además, transgreden su deber de respeto hacia los requerimientos y señalamientos de ese ente.

Según puntualizamos previamente, "los abogados [y las abogadas] tienen un deber ineludible de respetar, acatar y

responder diligentemente nuestras órdenes y los requerimientos del ente mencionado". In re Monroig Pomales, 203 DPR 209, 307 (2019); In re Aguilar Gerardino, 202 DPR 586, 591 (2019). Por consiguiente, la actitud de indiferencia por parte de un miembro de la profesional legal ante los requerimientos de la ODIN y las órdenes de este Tribunal es intolerable. In re López Castro, supra, pág. 827; In re García Aguirre, supra, pág. 545. Constituye un desafío serio a la autoridad de este Foro y una violación del Canon 9 del Código de Ética Profesional, supra. In re Espino Valcárcel, 199 DPR 761, 767 (2018). In re López Castro, supra, pág. 826. Es por ello que "hemos sancionado rigurosamente la actitud de los abogados y las abogadas que se caracteriza por la indiferencia y la desidia respecto a nuestras órdenes y señalamientos". In re Núñez Vázquez, supra, pág. 513. Así, "procede la suspensión del ejercicio de la abogacía o de la notaría cuando se desatienden los requerimientos formulados por este Tribunal y se muestra indiferencia ante nuestros apercibimientos de imponer sanciones". Íd.

III

Según expusimos, la licenciada Guzmán desatendió requerimientos múltiples de la ODIN dirigidos a la subsanación de las deficiencias de su obra notarial, la participación del proceso de reinspección de sus protocolos, entre otros extremos. La falta de atención a los señalamientos y requerimientos de la ODIN, así como a su

obligación de subsanar prontamente su obra notarial, provocaron que ese ente tuviera que recurrir a este Foro. A raíz de esto, concedimos a la licenciada Guzmán un **término final e improrrogable** para que subsanara las faltas señaladas en su obra notarial. Sin embargo, la letrada hizo caso omiso a nuestra orden. A más de dos meses desde que venció el término que le concedimos, todavía no ha cumplido con lo ordenado. Tampoco ha comparecido para excusar su incumplimiento. La actitud de la licenciada Guzmán al incumplir con los requerimientos de la ODIN y las órdenes de este Tribunal denota dejadez de sus obligaciones profesionales y constituye un menosprecio claro a nuestra autoridad. Máxime cuando le apercibimos que el incumplimiento con lo ordenado podría conllevar la suspensión inmediata e indefinida del ejercicio de la notaría. Ciertamente, la actitud de indiferencia de la licenciada Guzmán es intolerable y constituye una violación del Canon 9 del Código de Ética Profesional, supra, por lo que amerita una sanción.

Al respecto, anteriormente hemos dicho que cuando se desatienden los requerimientos de este Tribunal y se muestra indiferencia ante nuestros apercibimientos de imponer sanciones, procede la suspensión del ejercicio de la abogacía o de la notaría. Así, en conformidad con esos pronunciamientos y con el apercibimiento que hicimos a la licenciada Guzmán en nuestra Resolución de 3 de agosto de 2020, procede suspenderla inmediata e indefinidamente del

ejercicio de la notaría. Sin embargo, esto no la exime de subsanar las faltas de su obra notarial, lo cual deberá hacer en un término de sesenta (60) días.

IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se suspende a la licenciada Guzmán inmediata e indefinidamente del ejercicio de la notaría.

Además, se le concede un término de sesenta (60) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, para que subsane las faltas que impiden la aprobación de su obra notarial, so pena de ser referida a un procedimiento de desacato civil ante el Tribunal de Primera Instancia. El incumplimiento con lo ordenado también podría conllevar sanciones disciplinarias más severas, incluyendo la suspensión inmediata e indefinida del ejercicio de la abogacía. Igual consecuencia podría suponer el incumplimiento, en el futuro, con los requerimientos de la ODIN y las órdenes de este Tribunal.

Toda vez que la obra notarial de la licenciada Guzmán se encuentra bajo la custodia de la ODIN, mas no así el sello notarial, se ordena al Alguacil de este Tribunal a incautar el sello notarial de la letrada y entregarlo al Director de la ODIN. La licenciada Guzmán deberá cooperar con el proceso de incautación.

Por último, la fianza notarial de la licenciada Guzmán queda automáticamente cancelada. Esta se considerará buena y válida por tres años, después de su terminación, en cuanto a

los actos que la licenciada Guzmán realizó durante el periodo en que estuvo vigente.

Notifíquese inmediatamente a la licenciada Guzmán esta Opinión *Per Curiam* y Sentencia mediante correo electrónico y correo certificado con acuse de recibo a su última dirección personal conocida.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                    TS-19,838
Eileen Guzmán

                        SENTENCIA

En San Juan, Puerto Rico, a 22 de diciembre de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende a la Lcda. Eileen Guzmán inmediata e indefinidamente del ejercicio de la notaría.

Además, se le concede un término de sesenta (60) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, para que subsane las faltas que impiden la aprobación de su obra notarial, so pena de ser referida a un procedimiento de desacato civil ante el Tribunal de Primera Instancia. El incumplimiento con lo ordenado también podría conllevar sanciones disciplinarias más severas, incluyendo la suspensión inmediata e indefinida del ejercicio de la abogacía. Igual consecuencia podría suponer el incumplimiento, en el futuro, con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y las órdenes de este Tribunal.

Toda vez que la obra notarial de la licenciada Guzmán se encuentra bajo la custodia de la ODIN, mas no así el sello notarial, se ordena al Alguacil de este Tribunal a incautar el sello notarial de la letrada y entregarlo al Director de la ODIN. La licenciada Guzmán deberá cooperar con el proceso de incautación.

Por último, la fianza notarial de la licenciada Guzmán queda automáticamente cancelada. Esta se considerará buena y válida por tres años, después de su terminación, en cuanto a los actos que la licenciada Guzmán realizó durante el periodo en que estuvo vigente.

Notifíquese inmediatamente a la licenciada Guzmán esta Opinión *Per Curiam* y Sentencia mediante correo electrónico y correo certificado con acuse de recibo a su última dirección personal conocida.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo