EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> José R. Franco Rivera | 2017 TSPR 36 <br><br> 197 DPR ____ |

Número del Caso: TS-7127

Fecha: 20 de marzo de 2017

Abogado de la parte promovente:

      Por derecho propio

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director

Materia: Conducta Profesional – La Suspensión será efectiva el 14 de marzo de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José R. Franco Rivera                TS-7127


PER CURIAM

En San Juan, Puerto Rico, a 15 de marzo de 2017.

Una vez más nos vemos obligados a suspender del ejercicio de la abogacía a un miembro de la profesión legal que, en reiteradas ocasiones, incumplió con las órdenes de este Tribunal. Veamos.

I.

El licenciado José R. Franco Rivera fue admitido al ejercicio de la abogacía el 15 de mayo de 1981 y al ejercicio de la notaría el 17 de junio de 1981.

Posteriormente, allá para octubre de 2006, mediante Opinión *Per Curiam*, suspendimos al licenciado Franco Rivera del ejercicio de la abogacía y la notaría por un periodo de tres (3)

meses. Consecuentemente, ordenamos la incautación de su obra notarial para su correspondiente inspección. Tras varios años de suspensión, el 22 de noviembre de 2010, el licenciado Franco Rivera presentó ante este Tribunal una petición de reinstalación al ejercicio de la profesión.

Evaluada la petición presentada por el licenciado Franco Rivera, el 3 de junio de 2011, emitimos una *Resolución* mediante la cual lo reinstalamos al ejercicio de la abogacía exclusivamente. En el mismo acto, le impusimos la obligación de subsanar serias deficiencias señaladas en su obra notarial.[1]

Así las cosas, posteriormente, la Oficina de Inspección de Notarías (ODIN) compareció ante esta Curia mediante una *Moción Informativa y en Solicitud de Remedios*, en la que detalló que, a pesar de que durante el proceso de reinstalación el licenciado Franco Rivera se mostró disponible para subsanar las deficiencias señaladas en su obra notarial, las faltas señaladas aún subsistían. Oportunamente, y en respuesta a los planteamientos de la ODIN, el licenciado Franco Rivera presentó una moción en la que solicitó un término de treinta (30) días para subsanar las deficiencias señaladas. Ante este trasfondo fáctico, el 25 de octubre de 2013 emitimos una *Resolución*, notificada personalmente al licenciado Franco Rivera, mediante la cual

---

[1] Entre las deficiencias señaladas se encontraban las siguientes: el extravío de un Protocolo de Instrumentos Públicos, incumplimiento con la radicación de varios índices mensuales sobre actividad notarial, extravío u omisión de escrituras, deuda arancelaria en el Libro de Registro de Testimonios, y falta de iniciales y firmas en varios instrumentos públicos autorizados.

le concedimos al letrado un término de treinta (30) días para subsanar las deficiencias señaladas.

Así pues, el 5 de diciembre de 2013, último día hábil del término concedido, el licenciado Franco Rivera presentó ante este Tribunal una solicitud de prórroga en la cual solicitaba se le concediera hasta el 1 de febrero de 2014 para culminar la subsanación de su obra  notarial. A esos efectos, el 27 de diciembre de 2013, emitimos una segunda *Resolución* en la que le concedimos al referido abogado una prórroga de treinta (30) días para cumplir con nuestra *Resolución* previa y subsanar las aludidas deficiencias. No obstante, el licenciado Franco Rivera no cumplió.

Tras el incumplimiento del letrado con las órdenes de este Tribunal, el 20 de mayo de 2014, emitimos una *Resolución,* notificada mediante correo certificado con acuse de recibo, en la cual le concedimos al licenciado Franco Rivera un término de diez (10) días para cumplir con nuestra *Resolución* del 27 de diciembre de 2013. Además, le apercibimos que su incumplimiento conllevaría severas sanciones, incluyendo la suspensión automática del ejercicio de la abogacía. Nuevamente, el licenciado Franco Rivera incumplió.

Así las cosas, el 14 de julio de 2014,  el Director de la ODIN compareció ante esta Curia y nos informó sobre el reiterado incumplimiento por parte del letrado, quien manifestaba una conducta inconsistente y demostraba desidia en atender los señalamientos pendientes de subsanación.

Oportunamente, el 5 de agosto de 2014, el licenciado Franco Rivera compareció ante nos e hizo varios señalamientos relacionados a la Inspectora de Protocolos, indicó que había realizado esfuerzos por corregir las faltas y que siempre había estado en la mayor disposición de culminar el proceso de subsanación. Así pues, solicitó, entre otras cosas, una prórroga de treinta (30) días para subsanar las deficiencias señaladas.[2]

El 30 de enero de 2015, este Tribunal emitió una *Resolución*, notificada el 5 de febrero de 2015, en la que le concedimos al licenciado Franco Rivera un término de treinta (30) días para subsanar las deficiencias en su obra protocolar. Nuevamente, se le apercibió que su incumplimiento conllevaría la imposición de sanciones disciplinarias. El letrado compareció el 18 de febrero de 2015 mediante una *Réplica en Torno a Resolución*, en la que alegó no haber recibido el *Informe* preparado por la ODIN, pero expresó que los treinta (30) días que le fueron concedidos eran suficiente para subsanar las deficiencias señaladas.

No obstante lo anterior, el 9 de marzo de 2015 la ODIN compareció nuevamente ante nos mediante una *Moción Informativa,* en la que anejó un informe actualizado sobre

---

[2] Además, el letrado solicitó, en síntesis, que se actualizara el *Informe* que nos presentó ODIN y se particularizaran las deficiencias señaladas; que se le permitiera presentarse en el Archivo Notarial para trabajar con las deficiencias en las fechas y horas que su agenda profesional se lo permitiere, aunque la inspectora de protocolos no estuviera presente; y que se realizara un plan de trabajo en el que se llevaran a cabo reuniones una vez a la semana con la Inspectora de Protocolos.

las deficiencias señaladas y reiteró el incumplimiento por parte del licenciado Franco Rivera. A su vez, solicitó que se le ordenara al licenciado acudir a su oficina los días 28, 29 y 30 de abril de 2015, para subsanar las deficiencias. Oportunamente, el letrado presentó una *Réplica en Torno a Moción Informativa* en la que expresó estar disponible para reunirse en las referidas fechas.

Vistas y evaluadas las mociones presentadas por las partes, el 19 de junio de 2015 este Tribunal emitió una *Resolución*, notificada el 29 de junio del mismo año, en la que concedió un término de veinte (20) días -- tanto a la ODIN como al letrado -- para informar el resultado de las reuniones. Sin embargo, y no empece a lo ordenado por el Tribunal, el licenciado Franco Rivera no se presentó a las referidas reuniones. Así pues, el Director de la ODIN le envió una comunicación al mencionado abogado, reprogramando las reuniones para los días 15 y 22 de mayo, así como el 5 de junio de 2015. A estas últimas reuniones, el licenciado Franco Rivera compareció.

Ahora bien, no empece a ello, oportunamente la ODIN compareció ante este Tribunal y nos informó que a pesar de que el licenciado Franco Rivera compareció a las reuniones programadas, el mismo aún no había culminado el proceso de reconstrucción de una obra protocolar extraviada, no había satisfecho la deuda arancelaria y adeudaba Índices Notariales Mensuales. Ante este panorama, emitimos una *Resolución* el 20 de agosto de 2015, notificada el 21 de

agosto de 2015, en la que concedimos al licenciado Franco Rivera un término de sesenta (60) días para corregir, a sus expensas, las deficiencias que aún subsistían en su obra notarial. Nuevamente, el licenciado Franco Rivera incumplió.

Así pues, el 13 de mayo de 2015, este Tribunal emitió una *Resolución*, notificada personalmente, en la que concedimos al licenciado Franco Rivera un término de treinta (30) días para atender los requerimientos de la ODIN, y se le ordenó, además, que en un término de diez (10) días compareciera ante nos y expresara las razones por las cuales no debíamos separarlo de la profesión legal ante su continuo incumplimiento. Oportunamente, el licenciado Franco Rivera compareció, alegando no haber recibido el *Informe* que la ODIN presentara ante esta Curia. Además, el letrado solicitó un término adicional para poder subsanar las deficiencias en su obra protocolar.

Posteriormente, el 28 de junio de 2015, el letrado compareció ante nos y solicitó que le concediéramos otro término adicional, hasta el 15 de agosto de 2015, para culminar la subsanación de las deficiencias señaladas. Sin embargo, a pesar del tiempo transcurrido, al día de hoy el licenciado Franco Rivera no ha cumplido.

Es, precisamente, a la luz del cuadro fáctico y procesal antes expuesto que procedemos a disponer del caso ante nos.

## II.

Como es sabido, el Código de Ética Profesional, 4 LPRA Ap. IX, recoge las normas de conducta que rigen a los miembros de la profesión legal. Dicho ordenamiento deontológico tiene como propósito promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa para beneficio de la ciudadanía, de la profesión y de las instituciones de justicia. El incumplimiento con estas normas que imponen la ley y el ordenamiento ético acarrea sanciones disciplinarias. *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Asencio Márquez*, 183 DPR 659 (2011).

De particular importancia en el caso que nos ocupa resulta ser el Canon 9 del Código de Ética Profesional, *supra*. Este le impone a los miembros de la profesión legal el deber de observar una conducta que se caracterice por el mayor respeto hacia los tribunales. *In re Montalvo Delgado*, 2016 TSPR 223, 196 DPR___ (2016); *In re Torres Rodríguez*, 188 DPR 304 (2013); *In re Cuevas Borrero*, 185 DPR 189 (2012). Así pues, y como corolario del respeto profundo que deben tener los abogados y abogadas hacia el foro judicial, éstos y éstas tienen la obligación a responder a los requerimientos y órdenes de este Tribunal. *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Irizarry Irizarry*, *supra*; *In re Martínez Romero*, 188 DPR 511 (2013); *In re Lugo Cruz*, 188 DPR 112 (2013). Dicha obligación se extiende, además, a

las exigencias y requerimientos de la ODIN. *In re Salas González*, 193 DPR 387 (2015). *Véase* además, *In re Chardón Dubos*, 191 DPR 201 (2014); *In re Martínez Romero*, *supra*.

Al respecto, en reiteradas ocasiones, hemos señalado que los abogados y las abogadas tienen la obligación de subsanar las deficiencias que la ODIN les notifique y no pueden asumir una actitud pasiva y esperar que dicha dependencia de este Tribunal le contacte para corroborar que se hayan corregido las deficiencias señaladas en su obra notarial. Todo lo contrario, es deber del abogado o abogada coordinar -- con la ODIN -- las reuniones necesarias para que se finalice el proceso de subsanación una vez se han identificado faltas en su obra notarial. *In re Vázquez González*, 194 DPR 688 (2016); *In re García Aguirre*, 190 DPR 539 (2014); *In re Padilla Santiago*, 190 DPR 535 (2014). Incumplir con esta obligación y desatender las órdenes de este Tribunal, constituye un serio desafío a la autoridad de los tribunales e infringe el Canon 9 de Ética Profesional, *supra*. *In re Pestaña Segovia, supra*; *In re De León Rodríguez*, 190 DPR 378 (2014); *In re Dávila Toro*, 179 DPR 833 (2010); *In re González Carrasquillo*, 164 DPR 813 (2005).

En ese sentido, hemos expresado que no toleraremos la actitud de indiferencia por parte de un miembro de la profesión a nuestras órdenes o a los requerimientos de la ODIN. *In re García Aguirre*, 190 DPR 539 (2014); *In re López González*, 189 DPR 581 (2013). Así pues, cuando un abogado o abogada ignora los requerimientos de la ODIN y de este

Tribunal, procede la suspensión indefinida e inmediata de la abogacía. *In re Pérez Román*, 191 DPR 186 (2014); *In re Martínez Romero*, 188 DPR 511 (2013); *In re Arroyo Rivera*, 182 DPR 732 (2011); *In re Montalvo Guzmán*, 169 DPR 847 (2007).

### III.

En lo que respecta al caso de autos, como pudimos apreciar, en reiteradas ocasiones, el licenciado Franco Rivera ha hecho caso omiso a nuestras órdenes. A pesar del tiempo transcurrido -- desde que se le notificaron las deficiencias, desde aproximadamente el año 2010 --, y del sinnúmero de oportunidades que este Tribunal le ha brindado, éste no ha culminado el proceso de subsanación de su obra notarial. Tampoco ha respondido a nuestras órdenes y se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias por su conducta para con el Tribunal.

La conducta desplegada por el licenciado Franco Rivera, sin lugar a dudas, constituye un patrón de desidia y refleja falta de interés en continuar ejerciendo la profesión. En vista de ello, y ya habiendo suspendido al licenciado Franco Rivera del ejercicio de la notaría el pasado 16 de octubre de 2006, en esta ocasión se le suspende inmediata e indefinidamente del ejercicio de la abogacía.

Se le impone al licenciado Franco Rivera el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios

recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José R. Franco Rivera                    TS-7127

SENTENCIA

En San Juan, Puerto Rico, a 15 de marzo de 2017.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado José R. Franco Rivera del ejercicio de la abogacía. Además, se le impone al licenciado Franco Rivera el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres no interviene.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo