EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                         | 2018 TSPR 5      |
|                                |                  |
| Christine M. Pratts Barbarossa | 199 DPR ____     |

Número del Caso: TS-10,508

Fecha:    11 de enero de 2018

Abogada de la promovida:

     Por derecho propio

Oficina de Inspección de Notarías:

     Lcdo. Manuel Ávila De Jesús
     Director

Materia:  Conducta Profesional – La suspensión será efectiva el 12 de enero de 2018, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Christine M. Pratts Barbarossa    Núm. TS-10,508

PER CURIAM

En San Juan, Puerto Rico, a 11 de enero de 2018.

Una vez más nos vemos obligados a suspender a un miembro de la profesión legal por su reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y con las órdenes de este Tribunal, y por faltar a su deber de mantener actualizada su información de contacto en el Registro Único de Abogados y Abogadas del Tribunal Supremo (RUA). Veamos.

I.

La Lcda. Christine M. Pratts Barbarossa fue admitida al ejercicio de la abogacía el 30 de junio de 1993 y al ejercicio de la notaría el 27 de agosto de 1993.

El 22 de mayo de 2017, el Director de la ODIN, el Lcdo. Manuel E. Ávila De Jesús, envió una comunicación a la Lcda. Pratts Barbarossa en la cual le informaba que ésta había incumplido con su deber de presentar los Informes Mensuales de Actividad Notarial dispuesto por la Ley Notarial, 4 LPRA sec. 2023, correspondiente a los meses de marzo de 2012, octubre de 2013, enero a diciembre de 2015, enero a diciembre de 2016 y enero a marzo de 2017. Además de lo anterior, también se le notificó que había incumplido con su deber de presentar los Informes Estadísticos Anuales de Actividad Notarial, 4 LPRA sec. 2031a, que correspondían a los años 2014, 2015 y 2016. Dicha comunicación fue enviada a la dirección de la referida letrada que constaba en el RUA.

Pendientes en la ODIN de recibir una contestación a la comunicación enviada a la Lcda. Pratts Barbarossa, el 9 de junio de 2017, la señora Karla Meléndez Sánchez (en adelante, "señora Meléndez Sánchez") se comunicó con la mencionada dependencia de este Tribunal para informar que había intentado, de manera infructuosa, comunicarse con la letrada en cuestión para solicitarle una copia certificada de una Escritura de Cancelación de Hipoteca en la cual comparecieron sus padres, autorizada por ésta el 11 diciembre de 2007, pues se había enterado en el 2013 que no había sido presentada en el Registro de la Propiedad. La señora Meléndez Sánchez solicitó la intervención de la ODIN en este asunto.

Así las cosas, y al amparo de los Artículos 43 y 44 de la Ley Notarial, 4 LPRA secs. 2065-2066, el 13 de junio de 2017, el Director de la ODIN le envió una segunda comunicación a la Lcda. Pratts Barbarossa en la cual le solicitaba que en un término de diez (10) días se expresara en cuanto a los comentarios de la señora Meléndez Sánchez y enviara a la oficina que éste dirigía una copia certificada de la Escritura de Cancelación de Hipoteca a la que ésta última hacía referencia. La referida comunicación se remitió a la dirección de la oficina, a la dirección residencial y al correo electrónico de la mencionada letrada, que surgían del RUA. Además, se le remitió copia de dicha comunicación a la señora Meléndez Sánchez.

Meses más tarde, la señora Meléndez Sánchez se comunicó nuevamente con la ODIN. En dicha ocasión, informó que aún no había recibido copia certificada de la Escritura de Cancelación de Hipoteca que se otorgó ante la Lcda. Pratts Barbarossa.

Enterado de ello, el Director de la ODIN envió una tercera comunicación a la dirección residencial, dirección postal y dirección de correo electrónico de la mencionada letrada, según constaba en el RUA. En dicha comunicación se le concedió a la Lcda. Pratts Barbarossa un término improrrogable de diez (10) días para que respondiera a la comunicación del 13 de junio de 2017 y se le apercibió que

de no contestar la mencionada misiva se procedería a elevar un Informe ante esta Curia.

Tras el reiterado incumplimiento por parte de la Lcda. Pratts Barbarossa, el 22 de agosto de 2017, el Director de la ODIN compareció ante nos, mediante *Informe Especial sobre Incumplimiento de la Ley Notarial y Reglamento*, para informarnos de sus continuos e infructuosos intentos para requerirle a la mencionada letrada el cumplimiento con sus deberes notariales. Copia de dicho *Informe*, fue enviada a la Lcda. Pratts Barbarossa.

Evaluado el referido *Informe*, este Tribunal emitió una *Resolución* en la que le concedió diez (10) días a la abogada en cuestión para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía y la notaría por desatender los requerimientos de la ODIN, y por no mantener actualizada su información de contacto en el RUA. Además, se apercibió a la Lcda. Pratts Barbarossa que el incumplimiento de ésta con la referida *Resolución* podría conllevar la imposición de sanciones severas, incluyendo su suspensión del ejercicio de la abogacía y la notaría. Por último, se ordenó que la referida *Resolución* fuera notificada personalmente.[1]

Realizado el trámite correspondiente por la Oficina de Alguaciles de este Tribunal, el 13 de diciembre de 2017,

---

[1] Asimismo, se le ordenó al Alguacil del Tribunal Supremo que incautara la obra y sello notarial de la licenciada Pratts Barbarossa para entregarlos al Director de la ODIN y que realizara el informe correspondiente.

recibimos un informe de diligenciamiento negativo de *Resolución*, presentado por el Alguacil del Tribunal Supremo. En éste se nos informó que, a pesar de las gestiones realizadas por la Oficina de Alguaciles, la licenciada Lcda. Pratts Barbarossa no pudo ser localizada en la dirección oficial que ésta tenía en el RUA para recibir notificaciones. Se nos informó también que ésta tampoco pudo ser localizada en la dirección residencial que constaba en el mencionado registro de abogados y abogadas. Allí, una vecina del lugar, la señora Irene Reyes, le informó a la Oficina de Alguaciles de este Tribunal que la Lcda. Pratts Barbarossa se había mudado al estado de Florida hace dos o tres años. En ese momento, la señora Irene Reyes intentó comunicarse con la letrada vía telefónica, pero ésta no contestó. Vemos, pues, que independientemente de su ubicación, la letrada no ha atendido los requerimientos de la ODIN y no ha actualizado su información de contacto en el RUA.

Siendo ello así, con el trasfondo procesal antes expuesto, procedemos a disponer del proceso disciplinario que nos ocupa.

## II.

De entrada, y por ser en extremo pertinente al asunto que nos ocupa, es menester comenzar señalando que el Código de Ética Profesional, a través de su Canon 9, 4 LPRA Ap. XI, C. 9, requiere que todo abogado y abogada observe "*para con*

*los tribunales una conducta que se caracterice por el mayor respeto".* In re Cruz Liciaga, 2017 TSPR 160, pág. 4; *In re López Méndez*, 196 DPR 956 (2016); *In re Montalvo Delgado*, 196 DPR 541 (2016); *In re Torres Rodríguez,* 188 DPR 304 (2013). Al interpretar el alcance de la mencionada disposición deontológica, hemos hecho claro que la misma les impone a los miembros de la profesión legal el deber de comparecer y responder, de forma diligente, a los señalamientos notificados por el tribunal, así como a cualquier requerimiento u orden emitida por el foro judicial. *In re Rivera Navarro,* 193 DPR 303 (2015); *In re Irizarry Irizarry, 190 DPR 368 (2015); In re Nieves Nieves,* 181 DPR 25 (2011). *Véase,* además, *In re Otero Fernández,* 145 DPR 582 (1998). La desatención o el incumplimiento, por parte de los abogados o abogadas, con los antes dichos requerimientos u órdenes judiciales constituye un serio agravio a la autoridad de los tribunales y, a su vez, una infracción al Canon 9 del Código de Ética Profesional, *supra, In re López Méndez, supra; In re Pestaña Segovia,* 192 DPR 485 (2015); *In re García Incera,* 177 DPR 329 (2010); *In re Maldonado Rivera,* 147 DPR 380 (1999); que, en múltiples ocasiones, nos ha obligado a decretar la suspensión de éstos y éstas del ejercicio de la profesión. *In re Grau Collazo*, 185 DPR 938, 944 (2012); *In re Rosario Martínez*, 184 DPR 494 (2012); *Galarza Rodríguez, Ex parte*, 183 DPR 228 (2011).

En esa dirección, y en reiteradas ocasiones, también hemos enfatizado que los requerimientos realizados por la ODIN son análogos a las órdenes que hace este Tribunal, por lo que deben atenderse con la misma diligencia. *In re Núñez Vázquez,* 2017 TSPR 30*; In re Franco Rivera,* 2017 TSPR 36; *In re Vázquez González,* 194 DPR 688, 695 (2016). Así pues, el incumplimiento con un requerimiento de la ODIN podría producir el mismo efecto que la desobediencia con una orden emitida por este Tribunal, a saber: la suspensión indefinida e inmediata de la abogacía y la notaría. *In re Núñez Vázquez, supra; In re Franco Rivera, supra*; *In re Vázquez González,* supra; *In re Pérez Román*, 191 DPR 186 (2014); *In re Martínez Romero*, 188 DPR 511 (2013).

III.

De otra parte, y para la correcta disposición del proceso disciplinario ante nuestra consideración, conviene recordar que la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, impone a todo miembro de la ilustre profesión legal la obligación de mantener sus datos actualizados en el RUA. *In re López Méndez*, *supra*; *In re Ramos Fernández*, 2016 TSPR 127; *In re Cepero Rivera*, 193 DPR 1021 (2015); *In re López González*, 2015 TSPR 107. Sobre este particular, hemos reiterado que "*el fiel cumplimiento con este precepto reglamentario garantiza el ejercicio eficaz de nuestra facultad de velar porque los miembros de la clase togada cumplan con sus deberes ético-profesionales, es*

*decir, que atiendan con prontitud y diligencia las comunicaciones que se le remitan"*. *In re López Méndez*, *supra*, pág. 962; *In re Marichal Morales*, 195 DPR 678 (2016); *In re Ezratty Samo*, 2016 TSPR 19; *In re Guzmán Ortiz*, 2015 TSPR 106. Así pues, hemos sentenciado que cuando un miembro de la profesión legal incumple con su obligación de mantener sus datos actualizados en el RUA, a todas luces, entorpece el ejercicio de nuestra facultad disciplinaria, *In re Torres Martínez*, 192 DPR 291 (2015); *In re Arroyo Acosta*, 192 DPR 848 (2015); *In re Arroyo Rosado*, 191 DPR 241 (2014), siendo ello fundamento suficiente e independiente para decretar su separación inmediata del ejercicio de la abogacía. *In re Ramos Fernández*, *supra*; *In re Cepero Rivera*, *supra*; *In re Toro Soto*, 181 DPR 654 (2011).

IV.

En el presente caso, según se desprende del expediente disciplinario bajo estudio, y como ha quedado claramente demostrado, la Lcda. Pratts Barbarossa, **en reiteradas ocasiones**, ha incumplido con los requerimientos de la ODIN y las órdenes de este Tribunal, y en específico con nuestra *Resolución* del 30 de agosto de 2017. Sin lugar a dudas, la conducta desplegada por la referida letrada, es, a todas luces, una de descuido e indiferencia y refleja una patente falta de interés en continuar ejerciendo la profesión.

De otra parte, la Lcda. Pratts Barbarossa incumplió con su deber de mantener al día su información de contacto en

el RUA, obstaculizando con ello el ejercicio de la facultad disciplinaria de este Tribunal. Ello, por sí solo, es razón suficiente para suspender a la mencionada abogada del ejercicio de la profesión legal.

Así las cosas, en vista de que la Lcda. Pratts Barbarossa ha incumplido con los requerimientos de la ODIN y las órdenes de este Tribunal, y con su deber de mantener actualizada su información de contacto en el RUA, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Se le impone a la Lcda. Pratts Barbarossa el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena, además, al Alguacil de este Tribunal a realizar todas las gestiones necesarias para incautar su obra notarial, incluyendo su sello notarial, y entregarlos al Director de la ODIN para el correspondiente examen e informe a este Tribunal. La fianza notarial de la Lcda. Pratts Barbarossa queda automáticamente cancelada. La misma se considerará buena y válida por tres (3) años después de su

terminación en cuanto a los actos realizados por la letrada durante el periodo en que la misma estuvo vigente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Christine M. Pratts Barbarossa      Núm. TS-10,508

SENTENCIA

En San Juan, Puerto Rico, a 11 de enero de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente a la Lcda. Christine M. Pratts Barbarossa del ejercicio de la abogacía y la notaría. Se le impone a la Lcda. Pratts Barbarossa el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena, además, al Alguacil de este Tribunal a realizar todas las gestiones necesarias para incautar su obra notarial, incluyendo su sello notarial, y entregarlos al Director de la ODIN para el correspondiente examen e informe a este Tribunal. La fianza notarial de la Lcda. Pratts Barbarossa queda automáticamente cancelada. La misma se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por la letrada durante el periodo en que la misma estuvo vigente.

Notifíquese inmediatamente por fax, teléfono o correo electrónico y por la vía ordinaria.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo