EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: <br><br> Karla M. Silvestrini Carrasquillo (TS-19,300) | 2019 TSPR 35 <br><br> 201 DPR ____ |
|---|---|

Número del Caso: AB-2017-223

Fecha: 6 de febrero de 2019

Abogado de la parte promovida:

     Por derecho propio

Oficina del Procurador General

     Lcda. Lorena Cortés Rivera
     Subprocuradora General

     Lcda. Minnie H. Rodríguez López
     Procuradora General Auxiliar

Materia: Conducta Profesional – La suspensión será efectiva el 11 de marzo de 2019. Fecha en que se le notificó por correo certificado a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Karla M. Silvestrini     AB-2017-0223
Carrasquillo
(TS-19,300)

**PER CURIAM**

En San Juan, Puerto Rico, a 6 de febrero de 2019.

Nuevamente nos vemos precisados a ejercitar nuestra facultad disciplinaria para separar inmediata e indefinidamente a la Lcda. Karla M. Silvestrini Carrasquillo de la práctica legal y notarial por quebrantar los Cánones 9 y 12 de nuestro Código de Ética Profesional.

Narraremos el marco fáctico que conllevó nuestra decisión.

**I**

El 11 de febrero de 2013 admitimos a la licenciada Silvestrini Carrasquillo al ejercicio legal y el 19 de julio de 2013 juramentó como notaria.

El asunto disciplinario que hemos de considerar inició el 17 de julio de 2017, fecha en que la Hon. Katherine Hoffman Egozcue ——Jueza Superior del Tribunal de Primera Instancia de la región de Bayamón—— dictó una *Orden* para que atendiéramos la situación que sigue:

> **Desde el 25 de octubre de 2016, en corte abierta, se ordenó a la Lcda. Karla Silvestrini notificar [la] dirección de su representada en Estados Unidos o en Puerto Rico. Se le concedieron 10 días.**
> El 9 de diciembre de 2016 se le ordenó a la demanda[da], representada por la Lcda. Karla Silvestrini, proveer su dirección.
> El 16 de febrero de 2017 se impuso $300.00 de sanciones a la Lcda. Karla Silvestrini, por el incumplimiento de las órdenes del Tribunal. El 26 de abril de 2017 se le notificó [la] orden nuevamente a la abogada con la advertencia de que el incumplimiento conllevaría notificar al Tribunal Supremo. Al momento, la Lcda. Silvestrini no ha cumplido con la orden ni [ha] expresado las razones de su incumplimiento. Tampoco surge del expediente que pagara la sanción impuesta. (Énfasis suplido).

En vista de este referido, concedimos a la letrada dos oportunidades para que compareciera a expresarse, **mas no lo hizo.** Es por ello que enviamos el asunto al Procurador General a fin de que investigara la conducta imputada y sometiera el informe correspondiente. El 2 de mayo de 2018 el Procurador presentó su informe en el cual plasmó que la licenciada Silvestrini Carrasquillo quebrantó el Canon 9 por su desatención reiterada a las órdenes del Tribunal de Primera Instancia. Expuso que la letrada no pagó la sanción económica impuesta. Adujo, también, que violó el Canon 12 porque causó dilación indebida en el trámite de la queja.

Por esos fundamentos, el Procurador General recomendó que suspendiéramos inmediata e indefinidamente a la licenciada Silvestrini Carrasquillo de la abogacía.

Consecuentemente, el 28 de septiembre de 2018 dictamos una resolución en la que requerimos a la letrada que se expresara sobre el informe en un término final e improrrogable de quince días. Asimismo, le apercibimos que, de no hacerlo, la separaríamos del ejercicio legal.

El 16 de octubre de 2018 la licenciada Silvestrini Carrasquillo presentó su *Oposición al informe del procurador general.* Planteó que tanto la queja como el informe del Procurador General no se le habían notificado, a pesar de que fueron remitidos a la dirección que aparecía en el Registro Único de Abogados y Abogadas (RUA). Por ello, pidió que ordenáramos la notificación del informe.

El 17 de diciembre de 2018 emitimos otra resolución enviándole a la letrada el *Informe del Procurador General* y otorgándole un término final e improrrogable de diez días para contestarlo. Nuevamente le advertimos que el no hacerlo acarearía su suspensión inmediata e indefinida de la práctica legal.

Así las cosas, el 2 de enero de 2019 la licenciada Silvestrini Carrasquillo presentó su *Oposición al Informe del Procurador General.* Indicó que la Juez del Tribunal de Primera Instancia instó la presente queja porque estaba parcializada. Argumentó que, en una ocasión, recurrió al Tribunal de Apelaciones de una determinación suya y ese

foro revocó su dictamen. Alegó que dialogó con su cliente sobre la posibilidad de incoar una queja contra la Juez, pero que no lo hizo pues el caso fue cerrado porque su clienta obtuvo la custodia y patria potestad de la hija y, por consiguiente, se mudó fuera de Puerto Rico. Razonó que la Juez no podía ordenarle que proveyera la información de contacto de su clienta. Ello, puesto a que, cuando el foro de instancia cerró el caso perdió jurisdicción y, por ende, las órdenes eran nulas. A pesar de estos planteamientos, también alegó que acató la orden del tribunal primario y para acreditarlo acompañó como anejo una *Moción informativa en cumplimiento de orden* que supuestamente presentó.[1]

El 9 de enero de 2019 el Procurador General nos sometió una *Reacción a escrito en oposición al Informe del Procurador General.* Entre otras cosas, explicó que la letrada, a fin de evidenciar que satisfizo la orden de la juez de instancia, añadió una moción pero que "del Sistema de Consulta de Casos del Portal de la Rama Judicial no surge que se presentara la misma ante el foro primario".

Visto esto, el 11 de enero de 2018 **requerimos a la letrada que mostrara causa por la cual no debía ser suspendida de la práctica legal por violar los Cánones 9 y 12 de ética profesional en un término de diez días**. Esta no compareció.

---

[1] Específicamente la letrada consignó que "el 5 de junio de 2017, la abogada que subscribe envío [sic] mediante correo regular un documento titulado "Moción Informativa en Cumplimiento de Orden" junto con una carta de trámite, una copia adicional y sobre pre dirigido, dando así cumplimiento de la orden dada por la Juez".

Resumidos los hechos, pasemos a examinar la norma legal que les aplica.

## II

Dado a nuestro poder inherente para reglamentar la profesión de la abogacía en Puerto Rico, tenemos que asegurarnos que todos los abogados y las abogadas ejecuten sus funciones de forma responsable, competente y diligente.[2] Con el objetivo de cumplir parte de nuestra encomienda, promulgamos un Código de Ética Profesional en el cual plasmamos las normas *mínimas* de conducta que los letrados y las letradas que tienen el privilegio de ejercer nuestra ilustre profesión deben observar.[3]

**A. Canon 12 puntualidad y tramitación de las causas**

El Canon 12 impone a los togados y las togadas la obligación de tramitar todas las causas de forma responsable, puntual y diligente.[4] Específicamente, el aludido precepto establece lo siguiente:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el **desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución**. (Énfasis suplido).

En otros términos, la norma citada "requiere que los abogados presten atención minuciosa, sean diligentes y cumplan con las órdenes del tribunal, **en particular cuando**

---

[2] *In re Oyola Torres*, 194 DPR 437 (2016); *In re Vera Vélez*, 192 DPR 216, 226 (2015).

[3] *In re Guemárez Santiago*, 191 DPR 611, 617-618 (2014); *In re Falcón López*, 189 DPR 689 (2013).

[4] *In re Montalvo Delgado*, 196 DPR 541 (2016).

se trata de procedimientos relacionados a la conducta profesional de éstos". (Énfasis suplido).[5] Así, también, exige que los letrados y las letradas respondan con premura los requerimientos sobre las quejas por conducta profesional.[6] Por tal razón, el o la profesional del Derecho infringe el Canon 12, *supra*, cuando "**no responde las resoluciones del Tribunal Supremo, ni comparece a responder una queja que se ha presentado en su contra**". (Énfasis suplido).[7]

Valga destacar que hemos sido tajantes al expresar que los abogados y las abogadas deben la más estricta observancia a las órdenes judiciales.[8] De modo que "la continua desobediencia de las órdenes del tribunal configura una infracción al Canon 12 y expone al letrado a una acción disciplinaria".[9] Esto ya que su conducta debe descansar en el fiel cumplimiento con la ley y en el respeto al Poder Judicial.[10]

**B. Canon 9 conducta del abogado ante los tribunales**

El Canon 9 pauta la conducta que los letrados y las letradas deben desplegar ante los tribunales de justicia del país. En lo que nos compete, la disposición mencionada establece que todo "abogado debe observar para con los

---

[5] *In re Torres Román*, 195 DPR 882 (2016).
[6] *In re Villalba Ojeda*, 193 DPR 966, 974 (2015); *In re Hernández Vázquez*, 180 DPR 527, 540 (2010).
[7] *In re Massanet Rodríguez*, 188 DPR 116, 125-126 (2013).
[8] *In re Miranda Daleccio*, 193 DPR 753, 761 (2015).
[9] *In re Prado Galarza,* 195 DPR 1043 (2016); *In re Pagán Torres*, 194 DPR 925, 929 (2016).
[10] *In re Irizarry Rodríguez*, 193 DPR 633, 663 (2015).

tribunales una conducta que se caracterice por el mayor respeto".[11]

Al aplicar esta normativa ética hemos dispuesto que la naturaleza de la función de la abogacía conlleva que los togados y las togadas empleen atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentren obligados a comparecer.[12] Dicho de otra forma, la clase togada tiene el deber ineludible de respetar, acatar y responder de forma diligente nuestras órdenes. **Este deber cobra especial rigor cuando se trata de asuntos relacionados a su conducta profesional.**[13] Esto, pues, la queja es una alegación que imputa cierta conducta a un abogado o una abogada que es contraria a los postulados éticos que imperan en la profesión legal.[14] Lo antes dicho aplica independientemente de los méritos de la queja.[15]

El incumplimiento de un miembro de la profesión legal con las órdenes de este Tribunal denota un claro menosprecio hacia nuestra autoridad.[16] Puesto que la desatención a las órdenes judiciales constituye un agravio a la autoridad de los tribunales, no la vamos a tomar de manera liviana.[17] Así, la indiferencia a nuestros

---

[11] 4 LPRA Ap. IX. C. 9.

[12] *In re García Ortiz*, 187 DPR 507, 524 (2012).

[13] *In re López Santiago*, 2018 TSPR 31, en la pág. 12, 199 DPR ___ (2018), *In re Rivera Sepúlveda*, 192 DPR 985, 988 (2015); *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014).

[14] *In re Echevarría*, 192 DPR 526, 530 (2015).

[15] *Id.*; *In re Marrero García*, 187 DPR 578, 581 (2012).

[16] *In re Irizarry Irizarry*, *supra*, pág. 374; *In re De León Rodríguez*, 190 DPR 378, 390-391 (2014).

[17] *In re Pratts Barbarossa*, 2018 TSPR 5, en la pág. 6, 199 DPR ___ (2018); *In re Planas Merced*, 195 DPR 73, 77 (2016).

apercibimientos sobre sanciones disciplinarias ha sido y continuará siendo causa suficiente para decretar la suspensión inmediata e indefinida de la práctica de la abogacía.[18]

Plasmados los preceptos éticos pertinentes, estamos en posición de disponer del caso.

### III

Tal y como pudimos observar, desde que este proceso disciplinario inició, la licenciada Silvestrini Carrasquillo ha demostrado un gran sentido de indiferencia hacia el mismo. Tan es así que ni siquiera replicó la queja, a pesar de que se la notificamos en dos ocasiones a la dirección que tenía registrada en ese momento en RUA. No fue hasta que dictamos una orden para que se expresara sobre el informe en un término final e improrrogable, bajo apercibimiento de que sería separada de la profesión, que compareció por primera vez y manifestó que no había recibido el informe ni la queja. Estos sucesos configuran una infracción al Canon 12 que requería a la letrada que contestara la queja, prestara atención minuciosa y fuera diligente con las órdenes del Tribunal en esta causa disciplinaria. En cambio, ello no fue así y sus actos conllevaron que esta Curia empleara recursos emitiendo

---

[18] *In re Figueroa Cortés*, 196 DPR 1, 3 (2016); *In re López González*, 193 DPR 1021 (2015); *In re Irizarry Irizarry*, *supra*; *In re Vera Vélez*, *supra*, pág. 227; *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1, 3 (2011).

múltiples resoluciones para lograr su comparecencia, lo cual, evidentemente, dilató la disposición de este asunto.

Por otro lado, en cuanto a los méritos de la queja, la licenciada Silvestrini Carrasquillo intentó persuadirnos de que no venía obligada a acatar el mandato de la Juez del foro primario porque el caso había sido cerrado. No nos convence. Fíjese que, **desde el 25 de octubre de 2016,** entiéndase *previo* al decreto del cierre, la Juez del tribunal de instancia exigió a la letrada que proveyera la dirección de su clienta.[19] En otras palabras, la licenciada Silvestrini Carrasquillo desobedeció la orden del foro primario antes del cierre del caso. Los requerimientos posteriores fueron **consecuencia** del incumplimiento de la licenciada Silvestrini Carrasquillo con su obligación de proveerle al tribunal, oportunamente, la información exigida. Enfatizamos, además, que la letrada nunca impugnó las órdenes dictadas por la Juez luego del cierre del caso,

---

[19] Nótese que la Regla 21 de las *Reglas para la Administración del Tribunal de Primera Instancia*, 4 LPRA Ap. II, exige lo siguiente:

> Todas las alegaciones, mociones, y escritos de otra clase, de partes con representación legal serán firmados por lo menos por un abogado o una abogada de autos en su propio nombre, expresando su dirección física y postal, teléfono, número de facsímil, dirección electrónica (e-mail) y número de colegiado o colegiada. En el primer escrito que presente el abogado o la abogada, deberá notificar la dirección física y postal y el teléfono de la parte que representa. Cualquier cambio posterior con relación a estos datos deberá notificarlo con diligencia al tribunal.

Es decir, la licenciada Silvestrini Carrasquillo tenía la responsabilidad de notificar al tribunal el cambio de dirección de su clienta.

incluso la sanción económica que se le impuso y que al día de hoy no ha satisfecho.[20]

Otra razón de peso para decretar la suspensión de la licenciada Silvestrini Carrasquillo es su infracción al Canon 9 por ignorar nuestras órdenes. En particular, nuestra última resolución en la que le ordenamos que **mostrara causa por la cual no debía ser suspendida y así inhabilitada para ejercer la profesión de la abogacía.** Pasado el término concedido, la letrada no compareció. Esto, de por sí solo, amerita el desenlace del caso.

### IV

Por los fundamentos expuestos suspendemos inmediata e indefinidamente a la licenciada Silvestrini Carrasquillo del ejercicio legal y notarial. Consiguientemente, su fianza notarial queda automáticamente cancelada y será considerará buena y válida por tres años después de su terminación para aquellos actos ejecutados durante el periodo en que estuvo vigente. El Alguacil de este Tribunal tendrá que incautar la obra notarial, el Libro de Registro de Testimonios y el sello notarial de la letrada y entregarlos al Director de la Oficina de Inspección de la Notarías.

Imponemos a la licenciada Silvestrini Carrasquillo la obligación de informar inmediatamente a todos sus clientes

---

[20] Puntualizamos que, aunque la letrada alegó que cumplió con la orden de la Juez mediante la presentación de una *Moción informativa en cumplimiento de orden*, la cual no se encuentra ponchada, una búsqueda en el sistema de Consulta de Casos permite corroborar que no presentó el escrito en el Tribunal de Primera Instancia.

de su inhabilidad para seguir representándolos y de restituir los honorarios recibidos por las labores no ejecutadas, así como los documentos que tenga bajo su custodia. Además, tendrá que comunicar su suspensión a todos los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún asunto pendiente. Por último, le concedemos un término de treinta días, una vez notificada la Opinión *Per Curiam* y Sentencia, para que nos acredite y certifique su cumplimiento con lo anterior.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| Karla M. Silvestrini Carrasquillo (TS-19,300) | AB-2017-0223 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de febrero de 2019.

Por los fundamentos enunciados en la Opinión *Per Curiam* que precede y se hace formar parte de la presente Sentencia, suspendemos inmediata e indefinidamente a la Lcda. Karla M. Silvestrini Carrasquillo del ejercicio legal y notarial. La fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres años tras su terminación para los actos ejecutados durante el periodo que estuvo vigente. El Alguacil de este Tribunal tendrá que incautar la obra notarial, el Libro de Registro de Testimonios y el sello notarial de la letrada y entregarlos al Director de la Oficina de Inspección de la Notaría.

Imponemos a la licenciada Silvestrini Carrasquillo la obligación de informar inmediatamente a todos sus clientes de su inhabilidad para seguir representándolos y de restituir los honorarios recibidos por las labores no ejecutadas, así como los documentos que tenga bajo su custodia. Tendrá, además, que comunicar su suspensión a todos los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún asunto pendiente. Finalmente, le concedemos un término de treinta días, una vez notificada la Opinión *Per Curiam* y Sentencia, para que nos acredite y certifique su cumplimiento con lo anterior.

Notifíquese de inmediato.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo