EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Elpidio Castro Colón | 2019 TSPR 53<br><br>202 DPR ____ |
|---|---|

Número del Caso: TS-3,987

Fecha: 26 de marzo de 2019

Programa de Educación Jurídica Continua:

      Lcdo. José Ignacio Campos Pérez
      Director Ejecutivo

Lcdo. Elpidio Castro Colón:

      Por derecho propio

Materia: Conducta Profesional – La suspensión será efectiva el 2 de abril de 2019. Fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Elpidio Castro Colón

TS-3,987

**PER CURIAM**

En San Juan, Puerto Rico, a de 26 de marzo de 2019.

Nos corresponde cumplir con nuestra facultad disciplinaria para dictaminar la separación del Lcdo. Elpidio Castro Colón (licenciado Castro Colón o letrado) de la práctica de la abogacía y la notaría por desobedecer nuestros requerimientos y no completar los requisitos del Programa de Educación Jurídica Continua (PEJC o Programa).

Enunciaremos entonces el marco fáctico que acarreó nuestro proceder.

I

El licenciado Castro Colón fue admitido a la abogacía el 25 de mayo de 1972, mientras que juramentó como notario el 7 de junio de 1972.

Los hechos del presente procedimiento disciplinario remontan al 15 de septiembre de 2016, cuando el Lcdo. José Ignacio Campos Pérez, entonces director ejecutivo del PEJC, incoó ante nos un *Informe sobre incumplimiento con requisito de educación jurídica continua*. En éste, entre otras cosas, plasmó que el letrado no había completado la totalidad de las horas crédito mandatorias para el periodo de 2009-2011.[1]

Consecuentemente, el 21 de septiembre de 2016 dictamos una primera resolución otorgándole al licenciado Castro Colón un plazo de veinte días para que mostrara causa por la cual no debía ser suspendido de la abogacía por inobservar su deber con el Programa. Dado a que el letrado no contestó, el 30 de noviembre de 2016 le concedimos un término final de diez días para que hiciera lo propio.

Así las cosas, el 9 de enero de 2017 el PEJC nos remitió una *Moción Informativa* del licenciado Castro Colón en la que indicó que se encontraba laborando arduamente para satisfacer los requerimientos del PEJC. A esos efectos, se comprometió a tomar varios cursos durante ese

---

[1] El entonces Director Ejecutivo también esbozó lo siguiente:

10. Por otra parte, precisa destacar que el licenciado Castro Colón tampoco ha cumplido con los requisitos del Programa, ni ha pagado la multa por cumplimiento tardío, para el periodo del 2011-2013. Es menester señalar que el licenciado no ha sido citado a una vista informal para este periodo.

11. Asimismo, se informa a este Tribunal que el Historial de Cursos Acreditados del licenciado Castro Colón refleja que su periodo de cumplimiento actual está próximo a su vencimiento (1 de octubre de 2013 al 30 de septiembre de 2016) y no tiene créditos acumulados en este.

mes y solicitó tiempo adicional para coger los créditos que le restaban. En otro escrito, instado el 27 de diciembre de 2016, consignó que asistió a unos seminarios pero que estuvo hospitalizado por casi tres semanas. Por tal razón, pidió que le otorgáramos más tiempo para completar las exigencias del Programa.

En vista de lo anterior, el 7 de febrero de 2017 concedimos al letrado un plazo de sesenta días para cumplir las horas crédito correspondientes. Nuevamente, el 12 de mayo de 2017, le ordenamos que cumpliera las exigencias del Programa en un periodo de treinta días. Por lo tanto, el 31 de mayo de 2017 el licenciado Castro Colón nos informó y desglosó los cursos que tomó. Indicó, nuevamente, que estuvo hospitalizado y que se encontraba en recuperación. Por ello, solicitó que le concediéramos otra oportunidad para satisfacer las horas crédito que adeudaba.

Por consiguiente, el 26 de julio de 2017 le dimos un término de ciento veinte días para que tomara "los requisitos del Programa de Educación Jurídica Continua o present[ara] su *Solicitud de Cambio de Estatus de Abogado Inactivo en el Registro único de Abogados y Abogadas*". (Bastardillas en el original). Debido a que el letrado no contestó, el **27 de abril de 2018** requerimos que, en un periodo de diez días, **mostrara causa por la cual no debía ser suspendido de la abogacía por inobservar los requisitos del PEJC**. Obsérvese que ha pasado casi un año

desde nuestra última resolución y el licenciado Castro Colón aún no ha evidenciado su cumplimiento ni ha instado escrito alguno.

Consignados los hechos materiales, discutiremos las normas que les aplican.

## II

Como parte de nuestro poder inherente para regular la profesión de la abogacía en Puerto Rico, tenemos que asegurarnos que sus componentes empleen sus funciones de forma responsable, competente y diligente.[2] A través del Código de Ética Profesional erigimos las normas mínimas de conducta que los abogados y las abogadas que ejercen la ilustre profesión deben desplegar.[3]

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, es una de las disposiciones de mayor envergadura pues requiere que los letrados y las letradas se conduzcan respetuosamente hacia los tribunales de justicia.[4] En lo pertinente, preceptúa que estos "debe[n] observar para con los tribunales una conducta que se caracterice por el mayor respeto".[5]

Es por ello que hemos dispuesto que la naturaleza de la función de la abogacía requiere que se emplee estricta

---

[2] *In re Oyola Torres*, 194 DPR 437 (2016); *In re Vera Vélez*, 192 DPR 216, 226 (2015).

[3] *In re Guemárez Santiago*, 191 DPR 611, 617-618 (2014); *In re Falcón López*, 189 DPR 689 (2013).

[4] *In re Federico O. López Santiago*, 2018 TSPR 31, en la pág. 11, 199 DPR ___ (2018); *In re Shirley Vélez Rivera*, 2018 TSPR 4, en la pág. 6, 199 DPR ___ (2018).

[5] 4 LPRA Ap. IX. C. 9.

atención y obediencia a las órdenes de esta Curia, o de cualquier foro judicial que los letrados estén obligados a comparecer.[6] En otras palabras, los y las miembros de la clase togada tienen que respetar, acatar y responder de forma diligente nuestros requerimientos. Especialmente cuando se trata de asuntos relacionados con su conducta profesional.[7]

El incumplimiento de un togado o una togada con las órdenes de este Tribunal demuestra un claro menosprecio hacia nuestra autoridad.[8] La desatención a las órdenes judiciales no se puede tomar de manera liviana ya que constituye un serio agravio a la autoridad de los tribunales.[9] Por tal razón, la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias es causa suficiente para la suspensión inmediata e indefinida de la práctica de la abogacía.[10]

Expuesto el marco jurídico material a los hechos del caso, pasemos a resolver.

---

[6] *In re García Ortiz*, 187 DPR 507, 524 (2012).

[7] *In re Federico O. López Santiago*, 2018 TSPR 31, en la pág. 12, 199 DPR ___ (2018), *In re Rivera Sepúlveda*, 192 DPR 985, 988 (2015); *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014).

[8] *In re Irizarry Irizarry*, supra, pág. 374; *In re De León Rodríguez,* 190 DPR 378, 390-391 (2014).

[9] *In re Christine M. Pratts Barbarossa*, 2018 TSPR 5, en la pág. 6, 199 DPR ___ (2018); *In re Planas Merced*, 195 DPR 73, 77 (2016).

[10] *In re Figueroa Cortés*, 196 DPR 1, 3 (2016); *In re López González*, 193 DPR 1021 (2015); *In re Irizarry Irizarry*, supra; *In re Vera Vélez*, supra, pág. 227; *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1, 3 (2011).

### III

Hace varios años, el licenciado Castro Colón sabe que está en incumplimiento con su deber de educarse continuamente. Si bien reconocemos que desplegó ciertas gestiones para ponerse al día, lo cierto es que, a pesar de las numerosas oportunidades que le hemos concedido, aún mantiene deficiencias. A ello se le suma que ha transcurrido casi un año desde la última ocasión que le exigimos que mostrara causa por la cual no debía ser suspendido y éste no ha comparecido a expresarse. El proceder del letrado denota desidia y menosprecio a nuestros requerimientos, y por ende, a nuestra autoridad. Ello, de por sí solo, es motivo suficiente para que lo separemos inmediata e indefinidamente de la práctica legal y notarial.

### IV

Por los fundamentos expuestos suspendemos inmediata e indefinidamente al licenciado Castro Colón de la profesión de la abogacía y de la notaría. Consecuentemente, su fianza queda automáticamente cancelada y será considerada buena y válida por tres años después de su terminación para aquellos actos ejecutados durante el periodo en que estuvo vigente. El Alguacil de este Tribunal tendrá que incautar la obra notarial, el Libro de Registro de Testimonios y el sello notarial del señor Castro Colón y los entregará al Director de la Oficina de Inspección de la Notarías.

Imponemos al señor Castro Colón la obligación de poner en conocimiento a todos y todas sus clientes sobre su inhabilidad de seguir representándolos y debe restituir los honorarios recibidos por las labores no ejecutadas, así como los documentos que tenga bajo su custodia. Además, tendrá que comunicar su suspensión a todos los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún asunto pendiente. También tiene que acreditar y certificar a esta Curia el cumplimiento de lo anterior dentro de un periodo de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Elpidio Castro Colón

TS-3,987

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de marzo de 2019.

Por los fundamentos enunciados en la Opinión *Per Curiam* que antecede y se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente al Sr. Elpidio Castro Colón de la profesión de la abogacía y de la notaría. Su fianza queda cancelada automáticamente y será considerará buena y válida por tres años después de su terminación para los actos ejecutados durante el periodo en que estuvo vigente. El Alguacil de este Tribunal tendrá que incautar la obra notarial, el Libro de Registro de Testimonios y el sello notarial y los entregará al Director de la Oficina de Inspección de la Notarías.

Imponemos al señor Castro Colón la obligación de poner en conocimiento a todos y todas sus clientes sobre su inhabilidad de seguir representándolos y debe restituir los honorarios recibidos por las labores no ejecutadas, así como los documentos que tenga bajo su custodia. Además, tendrá que comunicar su suspensión a todos los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún asunto pendiente. También tiene que acreditar y certificar a esta Curia el cumplimiento de lo anterior dentro de un periodo de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Estrella Martínez no intervinieron. El Juez Asociado señor Colón Pérez concedería al señor Castro Colón un término adicional final de 180 días para que cumpla con los requerimientos del Programa de Educación Jurídica Continua o en la alternativa solicite cambio de estatus a abogado inactivo.

José I. Campos Pérez
Secretario del Tribunal Supremo